927 P.2d 884

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael John COPENHAVER, Defendant–Appellant.**

No. 22681.

Supreme Court of Idaho.

Nov. 27, 1996.

Gilman J. Gardner, Bonneville County Public Defender, Idaho Falls, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent.

SILAK, Justice.

Appellant Michael John Copenhaver was charged with first degree murder in the death of his stepfather, Pete Maheras. Copenhaver shot Maheras five times with a .38–caliber handgun and once with a .44 magnum handgun as Maheras entered and walked through their home. Copenhaver then turned himself in to the police.

Copenhaver's mother married Maheras when Copenhaver was twelve, and the record indicates that there were ongoing problems between Maheras and Copenhaver. However, Copenhaver stated that Maheras never abused him in any way. In addition, letters and other information presented before sentencing indicate that Maheras was very well liked and respected in the community. Copenhaver stated that during his senior year in high school, he thought about committing suicide, and about killing his parents. His parents sought help for him, and he underwent psychological testing days before the murder.

Copenhaver pled guilty to first degree murder after the prosecution stipulated that

496

it would not seek the death penalty. After that plea, but before sentencing, Copenhaver's mother committed suicide, and Copenhaver underwent more psychological testing. After a lengthy sentencing hearing, the district court sentenced Copenhaver to life imprisonment with a fixed sentence of 25 years.

Copenhaver then filed a motion under Rule 35 of the Criminal Rules to reduce the fixed portion of the sentence from 25 to 15 years. That motion was denied, and Copenhaver appealed to this Court on the basis that the district court abused its discretion by denying the motion. Specifically, Copenhaver argues that the district court failed to give sufficient weight to his lack of prior violent conduct, that it failed to give proper weight to his good behavior and performance in prison after the initial sentencing, and that the district court did not give sufficient consideration to Copenhaver's mental condition.

■ A Rule 35 motion is basically a plea for leniency, and the decision of whether to reduce the sentence is in the sound discretion of the district court. *State v. Wersland,* 125 Idaho 499, 504, 873 P.2d 144, 149 (1994). We review such a decision for abuse of discretion. *State v. Araiza,* 124 Idaho 82, 95, 856 P.2d 872, 885 (1993). Further, on appeal, "our responsibility when considering the denial of a Rule 35 motion for reduction of a sentence is to examine the record before the Court, including evidence presented in connection with the motion to determine whether the trial court abused its discretion in denying the leniency requested." *Wersland,* 125 Idaho at 504, 873 P.2d at 149. We have said that "[w]here a sentence is within statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence." *State v. Cotton,* 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Finally, "a sentence that is within the limits prescribed by statute ordinarily will not be considered an abuse of discretion." *Id.*

■ We hold that the district court did not abuse its discretion when it sentenced Copenhaver to a fixed term of 25 years. That court clearly took note of Copenhaver's lack of prior violent conduct. The court did state that it was "troubled" by one incident of violence, although an affidavit presented at the Rule 35 hearing stated that Copenhaver had done nothing wrong. The district court considered that affidavit at the Rule 35 hearing, and the record clearly reflects that Copenhaver's clean record for violence was a mitigating factor.

■ The district court further did not abuse its discretion in refusing to view Copenhaver's good behavior in prison between his sentencing and the Rule 35 hearing as a mitigating factor. The court correctly noted that Copenhaver had been an inmate for only a short time.

■ Finally, we hold that the district court did not abuse its discretion in considering Copenhaver's mental health. The district court stated that it considered Copenhaver's depression at the time to be a mitigating factor, although it also ruled that the fact that Copenhaver had no disabling mental disease to be an aggravating factor. The court further discussed at length tests and evaluations conducted on Copenhaver, as well the differing opinions offered by experts. It is obvious that the district court carefully considered the evidence regarding Copenhaver's mental state, and did not abuse its discretion in that regard.

The sentence imposed upon Copenhaver is clearly within the maximum authorized by law and "is necessary 'to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable' " to this case. *Wersland,* 125 Idaho at 504, 873 P.2d at 149. Further, Copenhaver has not met his burden of showing an abuse of discretion by the district court in sentencing him. Therefore, the sentence is hereby affirmed, and the order of the trial court denying the motion to reduce the sentence is affirmed.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.