978 P.2d 214

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Joseph BURNIGHT, Defendant–Appellant.**

No. 24179.

Supreme Court of Idaho, Boise, January 1999 Term.

April 16, 1999.

Anderson, Kane & Tobiason, Boise, for appellant. Michael J. Kane argued.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

TROUT, Chief Justice.

This is an appeal from the district judge's judgment and sentence entered upon James Joseph Burnight's (Burnight) pleas of guilty to attempted robbery and two counts of attempted murder in the first degree with firearm enhancements. Burnight also appeals the district judge's denial of his Rule 35 motion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1996, Burnight and Steve Fabney attempted to rob Benny's Pawn Shop in Meridian, Idaho. During the attempted robbery, Burnight shot the two clerks working at the pawn shop. Burnight was charged with two counts of first degree attempted murder, attempted robbery, possession of a firearm during the commission of a crime, and grand theft by possession of stolen property. At the time of the offense, Burnight was seventeen years old. However, because attempted murder falls within the enumerated offenses for which juveniles are automatically waived into adult jurisdiction, Burnight was charged and proceeded against as an adult.

In return for Burnight's plea of guilty to both counts of attempted murder, attempted robbery and possession of a firearm during the commission of a crime, the State dismissed the grand theft charge and the firearm enhancement as it related to the robbery charge. The district judge sentenced Burnight to concurrent thirty-year sentences with fifteen years fixed for the enhanced attempted murder charges and to a consecutive, indeterminate fifteen years for the attempted robbery charge.

After pronouncement of sentence, Burnight filed a timely notice of appeal to this Court asserting abuse of discretion in sentencing. Subsequent to filing his appeal,

Burnight filed a Rule 35 motion with the district court for correction of an illegal sentence and a sentence reduction. The district judge partially granted Burnight's Rule 35 motion finding that the indeterminate sentence for the attempted robbery was not a legal sentence. The district judge re-sentenced Burnight to a term of zero years fixed and fifteen years indeterminate for attempted robbery to run consecutive to the sentence imposed for the attempted murder counts. The district judge denied the remainder of Burnight's Rule 35 motion. Burnight subsequently filed an amended notice of appeal to this Court to include the district judge's denial of the Rule 35 motion.

In making his claim that his sentence was illegal, Burnight asserted that the district judge was unable to apply sentence enhancements to his conviction and that he was improperly treated as an adult for the attempted robbery charge. Burnight made both of these claims to the district judge in his Rule 35 motion. In denying Burnight's claim that sentence enhancements for firearm possession during commission of a crime could not be applied to juveniles, the district judge held that I.C. § 20–509 allows for sentence enhancements because the statute states that such juveniles "shall ... be handled in every respect as an adult." The district judge also denied Burnight's claim that he should have been afforded a waiver hearing before being charged with attempted robbery. The district judge noted that no objection to joining the robbery charge with the attempted murder charges had been raised below and went on to hold that, regardless of the failure to raise the issue, Burnight had suffered no prejudice because the attempted robbery charge was within I.C. § 20–509(1)(i), which allows for automatic waiver of crimes that are "based on the same act or transaction or on one or more

acts or transactions" as those crimes enumerated in the statute.

## II.

## DISCUSSION

### A. Burnight cannot challenge whether he was properly charged as an adult for attempted robbery on appeal.

■ As this issue involves solely a question of law, our standard of review is one of independent, or free review. *State v. Larios*, 125 Idaho 727, 728, 874 P.2d 538, 539 (1994); *In re Hanson*, 121 Idaho 507, 509, 826 P.2d 468, 470 (1992).

Burnight argues that in order for the district judge to have proceeded against him as an adult for the attempted robbery charge, Burnight should have first been afforded a waiver hearing to determine if indeed the attempted robbery was based on the same act or transaction as the attempted murder charges. However, Burnight raised this issue for the first time in his Rule 35 motion. The State first argues that a Rule 35 motion is the incorrect procedural mechanism for raising the issue. Second, the State asserts that Burnight waived this claim by pleading guilty because "[a] valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings." *State v. Tipton*, 99 Idaho 670, 673, 587 P.2d 305, 308 (1978) (quoting *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59–60 (1969)).

■ We agree with the State and hold that Burnight, by failing to attack the district court's jurisdiction over him for the attempted robbery charge, waived his right to raise the issue either in later motions to the district court or to this Court on appeal. In so holding, we follow our previous decision, *State v. Harwood*, 98 Idaho 793, 572 P.2d 1228 (1977).[1]

---

1. We also note that a Rule 35 motion is the improper mechanism for Burnight's challenge to the attempted robbery charge. A defendant may bring a Rule 35 motion to correct an illegal sentence or to reduce a sentence. Burnight's argument is essentially that the district court had no power to convict him of attempted robbery because at no time had it been established that

the charge fell within I.C. § 20–509, the automatic waiver statute. Burnight, in effect, asserts that his sentence for the charge is illegal because his underlying conviction is illegal. The Idaho Court of Appeals has stated that "[t]he Rule 35 motion serves a much narrower purpose. It subjects only the sentence to re-examination. It cannot be used as the procedural mechanism to

In *State v. Harwood*, this Court held that a review of the juvenile jurisdiction waiver issue must be sought before charges as an adult have proceeded to trial. *Harwood*, 98 Idaho at 794–95, 572 P.2d at 1229—30. The Court in *Harwood* adopted the reasoning of a California case and quoted the following language from that case:

> To allow a defendant who has been convicted in the superior court to question on appeal the propriety of the juvenile court's finding would afford him an opportunity to secure a reversal of judgment of conviction even though he was found guilty after an errorless trial. Such a defendant should not be allowed to silently speculate on a favorable verdict and then after an adverse judgment is entered proclaim that the juvenile court's finding was erroneous. Moreover, it is in the accused's best interest to seek immediate relief from an improper finding in the juvenile court so he may be spared the burden and public scrutiny associated with a criminal trial. Additionally, the delay inherent in criminal prosecutions may substantially prejudice a juvenile court reconsideration of its prior finding of unfitness should the cause be remanded after a review of criminal proceedings.

*Id.* (quoting *People v. Chi Ko Wong*, 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976, 985 (1976)).

■ Although in *Harwood*, the Court addressed the situation where an actual waiver hearing had been conducted, we find the reasoning of *Harwood* to be equally applicable to a situation where a crime has been automatically waived into adult court jurisdiction. The juvenile has every opportunity, prior to proceeding to trial, or as in this case, prior to entry of a guilty plea, to challenge the propriety of the automatic waiver. Waiver of juvenile jurisdiction, especially in cases where the crime challenged is a companion crime to one automatically waived, is a unique jurisdictional question. The legislature, by determining that automatic waiver is allowed for various crimes, has designated juvenile jurisdiction as a type of jurisdiction

subject to waiver. Thus, the jurisdictional bar may be overcome if not properly and timely challenged. *See id.* at 795, 572 P.2d at 1230 (quoting *Chi Ko Wong*, 135 Cal.Rptr. 392, 557 P.2d at 985–86). As the Court noted in *Harwood*, no public policy is offended by allowing personal jurisdiction over a juvenile to be estopped or lost by waiver. *Id.* The juvenile is aware throughout the entire process that through the automatic waiver statute, jurisdiction has been waived for the juvenile. Thus, if the juvenile desires to challenge that waiver, he or she must attack the validity of the jurisdiction prior to proceeding to trial. Moreover, when addressing the court's jurisdiction over the juvenile for crimes waived into adult jurisdiction as a crime committed within the "same act or transaction," the nature of the issue is more procedural than jurisdictional. In other words, the question involves the district court's capability to take under its jurisdiction the companion cases which are a part of the crime that falls within those crimes enumerated in the automatic waiver statute. The procedural nature of the process further supports our holding that a juvenile can waive the right to challenge adult court jurisdiction by not challenging jurisdiction prior to entry of a plea or proceeding to trial.

Accordingly, because Burnight did not object to the district court's jurisdiction over him for the attempted robbery charge until after he had entered his guilty plea, Burnight waived the right to challenge the district court's jurisdiction and we thus decline to address the merits of his claim on appeal.

**B. The district court properly applied sentence enhancements for use of a firearm to Burnight's sentence.**

■ The State asserts that, like the attempted robbery issue, Burnight's sentence enhancement issue was also improperly raised through a Rule 35 motion. Here, the issue was properly raised in a Rule 35 motion because enhancements are not considered to be a new offense for which there is a separate sentence. Rather, the enhancement is an additional term and is part of a single

---

attack the validity of the underlying conviction." *State v. McDonald*, 130 Idaho 963, 965, 950 P.2d

1302, 1304 (Ct.App.1997); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct.App.1991).

sentence for the underlying crime. *See State v. Smith,* 103 Idaho 135, 137, 645 P.2d 369, 371 (1982); *Lopez v. State,* 116 Idaho 705, 706–07, 779 P.2d 19, 20—21 (Ct.App.1989). Thus, unlike Burnight's attempted robbery issue, whether the district judge can enhance Burnight's sentence is neither a jurisdictional question, nor an attack on the underlying conviction. Rather, the issue is whether the district judge had authority under I.C. § 20–509 to enhance his sentence. Thus, the issue addresses the "legality" of the actual sentence, not the underlying conviction for the firearm use, and is properly brought through a Rule 35 motion.

■ In the instant case, Burnight argues that the district judge could not enhance his sentence because the language of I.C. § 20–509, which states that "[o]nce a juvenile has been found ... guilty ... the juvenile shall thereafter be handled in every respect as an adult," does not include the power to apply sentence enhancements. I.C. § 20–509(3) (1997).

■ When interpreting a statute, the Court begins with an examination of the literal words of the statute. *Grand Canyon Dories v. Idaho State Tax Comm'n,* 124 Idaho, 1, 5, 855 P.2d 462, 466 (1993); *State ex rel. Lisby v. Lisby,* 126 Idaho 776, 779, 890 P.2d 727, 730 (1995). The language of the statute is to be given its plain, obvious and rational meaning. *Lisby,* 126 Idaho at 779, 890 P.2d at 730. A statute is to be construed as a whole without separating one provision from another. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539, 797 P.2d 1385, 1387 (1990). The Court should also construe statutes under the assumption that the legislature knew of all legal precedent and other statutes in existence at the time the statute was passed. *City of Sandpoint v. Sandpoint Indep. Highway Dist.,* 126 Idaho

145, 150, 879 P.2d 1078, 1083 (1994). Last, in attempting to discern and implement the intent of the legislature, the Court may seek edification from the statute's legislative history and contemporaneous context at enactment. *Corporation of Presiding Bishop v. Ada County,* 123 Idaho 410, 416, 849 P.2d 83, 89 (1993). However, if statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction. *State v. Hagerman Water Right Owners, Inc.,* 130 Idaho 727, 732, 947 P.2d 400, 405 (1997).

■ Here, I.C. § 20–509, as well as stating that once found guilty the juvenile is to be handled in all respects as an adult, the statute also states that "[t]he sentencing judge of any juvenile convicted pursuant to this section may choose to sentence the convicted person in accordance with the juvenile sentencing options set forth in this act, if a finding is made that adult sentencing measures would be inappropriate." I.C. § 20–509(4). By giving the sentencing judge the power to sentence a juvenile automatically waived into adult jurisdiction as a juvenile, the underlying assumption of the statute is that the judge has the power to, in every respect, sentence the juvenile as an adult. In other words, by giving the sentencing judge the option to sentence as a juvenile, the statute is premised on the assumption that adult sentencing options are not only available to the judge, but are the options with which the judge should work. Specifically allowing the judge to sentence as a juvenile provides extra options that, otherwise, would not be available. Sentencing as a juvenile, once the juvenile is under adult jurisdiction, is the exception, not the norm. Accordingly, the sentencing judge has all sentencing options available to him, which would include sentence enhancements pursuant to I.C. § 19–2520.[2] We therefore affirm

**2.** Legislative history also supports the district judge's ability to apply sentencing enhancements to juveniles like Burnight. The statement of purpose for the former version of I.C. § 20–509, I.C. § 16–1806A, indicates that the legislature intended the sentencing judge to have the power to apply sentence enhancements. The statement of purpose states in pertinent part that:

In the event the minor is convicted of a violent offense under this statute, the sentenc-

ing judge retains the option of sentencing the convicted minor as a juvenile or as an adult. Consequently, the court may utilize all sentencing options available to facilitate an appropriate punishment or rehabilitation.

In stating that the sentencing judge may utilize all sentencing options, the legislature clearly intended to give to the judge all powers she would have had in any other sentencing situation.

the district judges's denial of Burnight's Rule 35 motion with respect to the sentence enhancement issue.

## C. Burnight's sentence was not excessive and his Rule 35 motion plea for leniency was properly denied.

In arguing that the trial court abused its discretion in sentencing him to forty-five years, Burnight does not distinguish his claims for excessive sentence and his appeal of his Rule 35 motion. Rather, Burnight makes a general argument that his sentence was excessive because, according to Burnight, he received the equivalent of a thirty-year fixed sentence. Because the Court's standard of review for excessive sentence and denial of a plea for leniency are essentially the same, we will address the claims in tandem.

■■■■ In determining whether a sentence is excessive, the Court reviews all the facts and circumstances in the case and the focus is on whether the trial court abused its discretion in fixing the sentence. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992) (quoting *State v. Broadhead,* 120 Idaho 141, 143, 814 P.2d 401, 403 (1991)). For purposes of appellate review, the Court treats the fixed portion of a sentence as the term of confinement. *State v. Book,* 127 Idaho 352, 354, 900 P.2d 1363, 1365 (1995). The defendant has the burden of proving that the sentence is unreasonable. *Id.* When imposing sentence in a criminal proceeding, the trial court applies the following four criteria: (1) the protection of society; (2) deterrence to the defendant and others; (3) the possibility of rehabilitation; (4) punishment or retribution. *Id.* The general objectives in the Court's review of a trial court's sentencing are:

(i) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and protection of the public interest;

(ii) to facilitate the rehabilitation of the offender by affording him an opportunity to assert grievances he may have regarding his sentence;

(iii) to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process; and

(iv) to promote the development and application of criteria for sentencing which are both rational and just.

*Brown,* 121 Idaho at 393, 825 P.2d at 490.

■■■■ The decision of whether to grant a plea for leniency is in the sound discretion of the district court and is reviewed for an abuse of discretion. *State v. Copenhaver,* 129 Idaho 494, 496, 927 P.2d 884, 886 (1996). This Court's responsibility when considering the denial of a Rule 35 motion for reduction of a sentence is to examine the record before the Court, including the evidence presented in connection with the motion to determine whether the trial court abused its discretion in denying the leniency requested. *Id.* When a sentence is within statutory limits, the defendant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence and a sentence within the limits prescribed by statute will ordinarily not be considered an abuse of discretion. *Id.* In reviewing a sentence under Rule 35, the same four criteria are applied as when reviewing the sentence for reasonableness. *Book,* 127 Idaho at 355, 900 P.2d at 1366. However, in reviewing denial of a Rule 35 motion, the Court not only examines the original sentencing, but examines any additional information subsequently presented to the district court in support of the motion. *State v. Shiloff,* 125 Idaho 104, 107, 867 P.2d 978, 981 (1994).

In this case, the district judge partially granted Burnight's Rule 35 motion by changing his sentence for the attempted robbery charge from an indeterminate fifteen-year sentence to a fifteen-year sentence with zero days fixed. The district judge found that the initial judgment of conviction failed to comply with I.C. § 19–2513 because it did not specify a minimum period of confinement. The judge, however, did not change the fixed portion for the two counts of attempted first degree murder, nor did he change the indeterminate portion of those sentences. The

Such power would include the power to enhance a sentence under I.C. § 19–2520.

total of Burnight's sentence after the ruling on the Rule 35 motion was two thirty-year sentences with fifteen years fixed to run concurrently for the attempted murder charges and a fifteen-year sentence with zero days fixed to run consecutively for the attempted robbery charge.

■ Burnight's argument on appeal is that no clear pattern for granting parole for consecutive indeterminate sentences exists and as a result, Burnight has in effect received a thirty-year fixed sentence. Burnight's argument is without merit. Idaho Code § 19–2513 provides that "all minimum terms of confinement shall be served before any indeterminate periods commence to run." In this case, if all minimum terms are served before the indeterminate portion of his sentence is served, Burnight will have to serve fifteen years. To argue that Burnight will serve more than fifteen years is based on nothing more than pure speculation. Indeed, Burnight presents no argument to show that, after he has served the fifteen-year fixed portion of his sentences, he will not be eligible for parole during the indeterminate portions of his sentence. Here, Burnight will be eligible to be considered for parole after having served the fifteen-year fixed sentence.

■ Turning to an analysis of the excessiveness of Burnight's sentence, the Court need only evaluate whether the fixed portion of his sentence is reasonable. In this case, the fixed portion of Burnight's sentence is fifteen years. The district judge addressed, with thoughtful consideration, each of the four factors to be considered in sentencing. The judge again expressed his reasons for Burnight's sentence, which would potentially require Burnight to spend forty-five years in prison, when denying Burnight's Rule 35 plea for leniency. The judge stated:

> The facts are, in this case, simple. The defendant, in an unprovoked and premeditated way, set out to kill two fellow human beings. I am convinced that he will be a substantial threat to our society. If our parole commission determines that he is less of a threat in 15 years, so be it. But nevertheless, I'm convinced that, at a minimum, he will need to be supervised past his late 40s, which is what the request for

leniency would have done to reduce this to an indeterminate 15–year portion rather than a 30–year indeterminate portion. I am not satisfied that that will adequately serve society's interests, so the request for leniency will be denied.

The specific issues the judge addressed in sentencing Burnight illustrate that he did not abuse his discretion in sentencing Burnight to a potential of forty-five years. The record clearly indicates that Burnight is a follower, that he allowed Steve Fabney to convince him to commit these crimes and that he continued to be influenced by Steve Fabney while in jail. Burnight has also emulated gang members and gang activity. The trial court also noted a general pattern of anti-social behavior. The pre-sentence investigation report stated that Burnight has severe mental difficulties. Lastly, the court correctly focused on the nature of the crime, and especially the fact that it was senseless and done without provocation.

In conclusion, Burnight makes no argument demonstrating that a fixed sentence of fifteen years is anything less than fair. In fact, Burnight concedes in his brief that "[n]o one can responsibly argue that two attempted murders under the facts of this case are anything other than serious crimes." The district judge carefully examined every factor of sentencing and noted that he had spent many days thinking about how to sentence Burnight. Because Burnight's sentence was not unduly harsh and was reasonable given the crimes he committed and the considerations presented to the court in the pre-sentence investigation report, we find that the trial court did not abuse its discretion and we affirm the denial of his Rule 35 motion plea for leniency.

### III.

### CONCLUSION

Because Burnight did not attack the waiver of juvenile jurisdiction for the attempted robbery charge prior to entry of his guilty plea, we decline to address the merits of the issue on appeal. Additionally, we affirm the district judge's denial of Burnight's Rule 35

motion by holding that a district court has within its power the ability to apply sentencing enhancements under I.C. § 20–509. We also hold that the district judge correctly denied Burnight's plea for leniency and determine that Burnight's sentence was not excessive.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL, CONCUR.