114 P.3d 158

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jamie RUEL, Defendant–Appellant.**

**No. 30789.**

Court of Appeals of Idaho.

June 8, 2005.

Molly J. Huskey, State Appellate Public Defender; Christopher D. Schwartz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Jamie Ruel appeals from his judgment of conviction for unlawful discharge of a firearm into an occupied dwelling. Specifically, Ruel contends that the jury instruction given at trial listing the elements of the offense was misleading. We affirm.

## I.

### FACTS AND PROCEDURE

In September 2003, a man called the police to report that his neighbors were firing a rifle from their front porch. Police officers responded to the call and witnessed Ruel on his front porch firing several rounds from a rifle into the trees. One officer heard shots hitting the residence across the street from Ruel's porch. Ruel was charged with unlawful discharge of a firearm into an occupied dwelling. I.C. § 18–3317.

Ruel pled not guilty and the case proceeded to trial. At the close of the case, the district court instructed the jury on the elements of the offense for which Ruel was charged. The jury found Ruel guilty. The district court sentenced Ruel to a unified term of five years, with a minimum period of confinement of one year. The district court subsequently suspended Ruel's sentence and placed him on probation for two years. Ruel appeals. Ruel contends that the district court erroneously instructed the jury on the elements of unlawful discharge of a firearm at an inhabited dwelling because the instruction indicated that the intention element applied only to the act of firing and not to both

the act of firing and to an inhabited dwelling.[1]

## II.

## ANALYSIS

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993). Jury instruction 5 stated that, in order to find Ruel guilty of unlawful discharge of a firearm, the state must prove:

1. On or about the 9th day of September, 2003;

2. in the State of Idaho;

3. the defendant, Jamie Dallas RUEL, intentionally discharged a firearm;

4. at an inhabited dwelling house located at 1606 North 6th, Coeur d'Alene, Kootenai County, Idaho.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

The term "inhabited" means currently being used for dwelling purposes, whether occupied or not.

Idaho Code Section 18–3317 provides that it is unlawful for any person to "intentionally and unlawfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle, inhabited mobile home, inhabited travel trailer, or inhabited camper." This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. The unambiguous language of the statute requires that to be guilty of the charged offense, a person must intentionally discharge a firearm *at an inhabited dwelling house*.

Jury instruction 5, as given by the district court, is nearly a verbatim statement of the elements of the crime of unlawful discharge of a firearm at an inhabited dwelling house as found in Idaho Criminal Jury Instruction (ICJI) 1405. The pattern ICJI instructions are presumptively correct. *State v. Cuevas–Hernandez*, 140 Idaho 373, 376, 93 P.2d 704, 707 (Ct.App.2004). The Idaho Supreme Court approved the pattern jury instructions and has recommended that the trial courts use the instructions unless a different instruction would more adequately, accurately, or clearly state the law. *Id.* In this case, the district court used the model elements instruction as provided by ICJI.

We note, however, that the district court's jury instruction 5 did add a semi-colon after each of the listed elements of the charged offense. Additions of punctuation to an ICJI instruction could have unintended consequences of subtly changing the meaning conveyed to the jury. Here, the added punctuation used was particularly inadvisable because it created the risk of the interpretation argued by Ruel. With a semi-colon separating "intentionally discharged a firearm" from "at an inhabited dwelling house," the instruction could have implied to the jury that the intent element applied only to the act of discharging a firearm and did not require intent that the discharge be directed at an inhabited dwelling.

Nevertheless, that defect in instruction 5 does not require a new trial for Ruel because a separate jury instruction specifically in-

---

1. We note that Ruel did not challenge the jury instruction below. However, prior to July 1, 2004, challenges to jury instructions could be raised for the first time on appeal. This trial occurred prior to July 1, 2004. Therefore, we will address Ruel's challenge. However, Idaho Criminal Rule 30, as amended effective July 1, 2004, requires a party to challenge the jury instruction below.

formed the jury that, to convict, it must find that Ruel had the specific intent to shoot at an inhabited dwelling. The district court gave instruction 6 which indicated that, to determine whether Ruel is guilty of the offense, the jury must find that Ruel "had the specific intent to shoot at an inhabited dwelling house." [2] Therefore, we conclude that the district court correctly instructed the jury as to the elements the state was required to prove in order for the jury to find Ruel guilty of the offense charged.[3]

## III.

## CONCLUSION

We conclude that the jury instructions correctly outlined the elements of the offense charged against Ruel. Therefore, Ruel's judgment of conviction for unlawful discharge of a firearm into an occupied dwelling is affirmed.

Judge LANSING and Judge GUTIERREZ **concur.**

---

2. Jury instruction 6 as given by the district court states:

> In order to find Jamie D. RUEL guilty of Discharge of a Firearm at an Inhabited Dwelling House you must find beyond a reasonable doubt that Jamie D. RUEL had the specific intent to shoot at an Inhabited Dwelling House. If you have reasonable doubt as to whether Jamie D. RUEL intended to shoot at an Inhabited Dwelling House, you must find Jamie D. RUEL not guilty of Discharge of a Firearm at an Inhabited Dwelling House.

3. We caution the trial courts that adding punctuation where none appears, as rewording an instruction, may arguably confuse a jury as to its intended meaning.