# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44388

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Opinion No. 39 |
| Plaintiff-Respondent, | ) Filed: July 21, 2017 |
| v. | ) Karel A. Lehrman, Clerk |
| RUSSELL ALLEN PASSONS, | ) |
| Defendant-Appellant. | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Denial of Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Russell Allen Passons appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Passons was convicted of two counts of aggravated assault, Idaho Code §§ 18-901, 18-905, and one count of burglary, I.C. § 18-1401. He was sentenced to concurrent terms of five years determinate on the first count of aggravated assault, twenty years with ten years determinate on the second count of aggravated assault, and ten years with five years determinate for the burglary conviction. Passons appealed from his judgment of conviction, which this Court affirmed. *State v. Passons*, 158 Idaho 286, 346 P.3d 303 (Ct. App. 2015). Thereafter, he filed an I.C.R. 35(a) motion asking the court to correct what he alleges is an illegal sentence. At issue is the sentence for the second count of aggravated assault, which included a fifteen-year sentence

enhancement under I.C. § 19-2520 for use of a deadly weapon--in this case a knife. Passons argues I.C. § 19-2520 does not authorize a longer sentence in his case. The district court denied his motion. Passons timely appeals.

## II.

## ANALYSIS

On appeal, Passons asserts that his sentence is illegal and should be vacated. Specifically, he challenges the sentence enhancement on his second count of aggravated assault. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

The State counters with several arguments, both on procedural and substantive grounds. First, it asserts the district court lacked jurisdiction to hear Passons' challenge to his underlying conviction, noting that while I.C.R. 35 allows a court to correct an illegal sentence at any time, it is not a mechanism to challenge an underlying judgment of conviction. The State argues Passons is essentially challenging his judgment of conviction on the use of a deadly weapon enhancement, not his sentence, and such a challenge would be untimely. The State also argues that because this Court has previously decided whether his conviction was lawful on direct appeal, his claim is barred under the doctrine of res judicata. However, these arguments fail. In *State v. Burnight*, 132 Idaho 654, 978 P.2d 214 (1999), the State asserted that a sentence enhancement issue was improperly raised through a Rule 35 motion; however, the Idaho Supreme Court disagreed, holding "the issue was properly raised in a Rule 35 motion because enhancements are not considered to be a new offense for which there is a separate sentence. Rather, the enhancement is an additional term and is part of a single sentence for the underlying crime." *Burnight*, 132 Idaho at 658-659, 978 P.2d at 218-219. Similarly, because this issue is properly raised under Rule 35 and is not an appeal of his conviction, the State's argument that the conviction has been appealed and therefore the issue of the sentence enhancement is barred by res judicata also fails.

The United States Supreme Court has addressed how to analyze where there may be cumulative punishments under two statutes. Initially, courts should apply the test as set forth in

*Blockburger v. United States*, 284 U.S. 299 (1932), which provides: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. However, this is not always conclusive because as the Court noted, "The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent*." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983) (quoting *Whalen v. United States*, 445 U.S. 684, 691-692 (1980)). Therefore, cumulative sentences are not permitted where the offenses are the same "*unless elsewhere specially authorized by Congress*." *Id.* at 367 (quoting *Whalen*, 445 U.S. at 693).

In *Whalen*, the petitioner was convicted of rape and killing in perpetration of rape and sentenced to consecutive terms of imprisonment. *Whalen*, 445 U.S. at 685. The United States Supreme Court held that the cumulative sentences in that case were not permitted under the *Blockburger* test since a conviction for killing in perpetration of rape cannot occur without proving all the elements of the offense of rape. *Whalen*, 445 U.S. at 693-694. The Court reversed and remanded the lower court's judgment because there was no specific authorization by the legislature to hold otherwise. *Id.* at 695. Conversely, in *Albernaz v. United States*, 450 U.S 333 (1981), the United States Supreme Court held that cumulative sentences for importing marijuana and conspiracy to distribute marijuana were permissible since they were not the same offense under *Blockburger* and since each crime required proof of a fact the other did not. *Albernaz*, 450 U.S. at 339. Subsequently, in *Hunter* the United States Supreme Court held that the petitioner's sentences for both robbery in the first degree and armed criminal action were specifically authorized by the legislature, and therefore cumulative sentences were permitted. *Hunter*, 459 U.S. at 368. The Court provided the following explanation:

> Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal

court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.

*Hunter*, 459 U.S. at 368. Therefore, whether a sentence may be had under each statute is a question of legislative intent. As noted in *Hunter*, "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366.

In this case the use of a deadly weapon is the basis for the underlying crime of aggravated assault, I.C. § 18-905, and the sentence enhancement, I.C. § 19-2520. The sentence enhancement statute provides that certain increases to the maximum potential penalty for particular crimes can be imposed when the crimes are committed using a firearm or other deadly weapon:

> *Any person convicted of a violation of sections 18-905 (aggravated assault defined)*, 18-907 (aggravated battery defined), 18-909 (assault with intent to commit a serious felony defined), 18-911 (battery with intent to commit a serious felony defined), 18-1401 (burglary defined), 18-1508(3), 18-1508(4), 18-1508(5), 18-1508(6) (lewd conduct with minor or child under sixteen), 18-2501 (rescuing prisoners), 18-2505 (escape by one charged with or convicted of a felony), 18-2506 (escape by one charged with or convicted of a misdemeanor), 18-4003 (degrees of murder), 18-4006 (manslaughter), 18-4015 (assault with intent to murder), 18-4501 (kidnapping defined), 18-5001 (mayhem defined), 18-6101 (rape defined), 18-6501 (robbery defined), 37-2732(a) (delivery, manufacture or possession of a controlled substance with intent to deliver) or 37-2732B (trafficking), Idaho Code, *who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.*
>
> For the purposes of this section, "firearm" means any deadly weapon capable of ejecting or propelling one (1) or more projectiles by the action of any explosive or combustible propellant, and includes unloaded firearms and firearms which are inoperable but which can readily be rendered operable.
>
> The additional terms provided in this section shall not be imposed unless the fact of displaying, using, threatening, or attempting to use a firearm or other deadly weapon while committing the crime is separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at the trial of the substantive crime.
>
> *This section shall apply even in those cases where the use of a firearm is an element of the offense.*

4

I.C. § 19-2520 (emphasis added). The underlying offense of aggravated assault is defined as follows:

> *An aggravated assault is an assault:*
> *(a) With a deadly weapon* or instrument without intent to kill; or
> (b) By any means or force likely to produce great bodily harm.[; or]
> (c) With any vitriol, corrosive acid, or a caustic chemical of any kind.
> (d) "Deadly weapon or instrument" as used in this chapter is defined to include any firearm, though unloaded or so defective that it can not be fired.

I.C. § 18-905 (emphasis added).

In ruling against Passons' Rule 35 motion, the district court indicated that it was bound by *State v. Hernandez*, 120 Idaho 653, 818 P.2d 768 (Ct. App. 1991), in which the district court had imposed a sentence enhancement for use of a deadly weapon, also by use of a knife, during an aggravated battery. *Id.* at 659, 818 P.2d at 774. In that case, the petitioner made a similar argument that the enhancement violated state and federal prohibitions against double jeopardy. This Court stated the following:

> Hernandez argues that the sentence enhancement imposed for use of a deadly weapon during an aggravated battery violated state and federal prohibitions against double jeopardy. This Court has ruled that a sentence imposed for conviction of a crime, then enhanced for the use of a firearm during the crime, does not violate a defendant's right to be free from double jeopardy. *State v. Galaviz*, 104 Idaho 328, 658 P.2d 999 (Ct. App. 1983), *citing Missouri v. Hunter*, 459 U.S. 359, 103 S. Ct. 673, 74 L.Ed.2d 535 (1983). *See also State v. Cootz*, 110 Idaho 807, 718 P.2d 1245 (Ct. App. 1986). The enhancement is equally valid if a deadly weapon other than a firearm was used.

*Hernandez*, 120 Idaho at 659, 818 P.2d at 774.

Stare decisis dictates that we follow controlling precedent unless it is manifestly wrong, has proven over time to be unjust or unwise, or unless overturning it is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *State v. Bradshaw*, 155 Idaho 437, 439, 313 P.3d 765, 767 (Ct. App. 2013). Passons argues the plain language of I.C. § 19-2520 demonstrates that the holding of *Hernandez* is manifestly wrong, asserting it is directly contrary to the plain language of the statute; thus, the district court's reliance upon it is misplaced.

Passons argues that where the use of a deadly weapon is an element of the offense, I.C. § 18-905, which it is, and the basis for additional punishment under a separate statute, I.C. § 19-2520, which it is, double jeopardy prevents the additional punishment. This is so unless, as stated in *Hunter*, the legislature intended to provide for the additional punishment, even where

5

use of a deadly weapon is an element of the offense. Passons points to the last sentence of I.C. § 19-2520 which states: "This section shall apply even in those cases where the use of a firearm is an element of the offense." He asserts that since the definition in the statute of "firearm" does not include a knife and the legislature did not include "deadly weapon" in the expression of intent in the last sentence, that clearly the legislature did not intend to provide for the additional penalty when use of a deadly weapon is both an element of the offense and the basis for the enhanced punishment.

By virtue of the last sentence of I.C. § 19-2520, it is quite clear that the legislature intended to provide for additional punishment when use of a firearm is also an element of the underlying crime. As described below, the legislature added "deadly weapon" by later amendment to the statute and specifically identified by code section the applicable crimes. Since the legislature did not amend the last sentence of I.C. § 19-2520 to add "deadly weapon" to "firearm," the question is whether that necessarily means *Hernandez* is manifestly wrong. Although we did not expressly address legislative intent in *Hernandez*, we did cite to *Hunter*. The statute in *Hunter*, in which the United States Supreme Court held specifically authorized cumulative sentences, did not include the specific language, like the last sentence of I.C. § 19-2520, regarding the use of a firearm or deadly weapon also being an element of the underlying offense. *Hunter*, 459 U.S. at 368. The relevant portion of the armed criminal activity statute in that case provided, "[t]he punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon." *Id.* Therefore, language specifically referencing the use of a firearm or deadly weapon also being an element of the underlying offense is not required for cumulative sentences to be permitted, so long as we can otherwise determine legislative intent.

The sentence enhancement statute was initially enacted in 1979. At that time it was titled, "Sentence For Use of A Firearm." The statute only referenced sentence enhancements for use of a firearm and included the final sentence that is still presently in the statute providing, "[t]his section shall apply even in those cases where the use of a firearm is an element of the offense." In 1980, a review of the Idaho session laws shows that several amendments were made to the statute including changing the title to "Sentence For Use of Firearm *Or Deadly Weapons*." (Emphasis added.) Several of the felonies subject to additional penalties were also updated,

6

including the underlying crime here of aggravated assault, and the section was changed to provide that "any person convicted of a violation of section[] *18-905 (aggravated assault defined)* . . . . who displayed, used, threatened, or attempted to use a firearm *or other deadly weapon* while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment." I.C. § 19-2520 (emphasis added). The session laws show that the changes were made pursuant to House Bill No. 659. The statement of purpose for the House Bill indicates that it "replaces the older felony crimes with the new ones in the statutory delineation of what felony crimes are to be subject to additional criminal penalties when committed with the use of a firearm or deadly weapon." The statement of purpose further notes it is a combination of House Bills 433 and 588, and the statement of purpose for House Bill 588 states: "This proposed legislation would include firearms as well as other deadly weapons." Additionally, the house committee minutes indicate the section would strike certain offenses and add others for which the enhancement would apply when committed with "a firearm or deadly weapon." The above-referenced changes to the statute indicate there was legislative intent to include the enhancement for the use of a deadly weapon.

Certainly, had the legislature, at the time of adding "deadly weapon" to the statute, also added "deadly weapon" to the last sentence, its intent would be beyond doubt. However, *Hunter* did not require such explicit expression of intent. As noted, the statute in *Hunter* was much more general than I.C. § 19-2520, which specifically identifies the crimes, by code section, to which it intends the enhancement to apply. *Hernandez* was decided after the amendment, under the same *Hunter* analysis, and in the context of double jeopardy claims. It is apparent that, despite not specifically amending the last sentence of I.C. § 19-2520, the legislature intended it to apply to the conviction under I.C. § 18-905, even where that conviction requires proof of use of a deadly weapon as an element of the crime. We cannot say that *Hernandez* is manifestly wrong. Therefore, the I.C. § 19-2520 enhancement is equally valid for double jeopardy purposes if a deadly weapon other than a firearm is used.

7

## III.

## CONCLUSION

Idaho Code § 19-2520 authorizes a sentence enhancement for use of a deadly weapon other than a firearm when the use of the deadly weapon is also an element of the underlying offense. Denial by the district court of Passons' Rule 35 motion is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR.**