IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44740

| STATE OF IDAHO, | ) | 2017 Opinion No. 64 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 30, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| BRIAN CALDER KERR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Jason D. Scott, District Judge; Hon. Lamont C. Berecz, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate, affirming memorandum decision of the magistrate, affirmed.

Stewart Taylor & Morris, PLLC; Daniel W. Bower, Boise, for appellant. Daniel W. Bower argued.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent. Kale D. Gans argued.

GUTIERREZ, Judge

Brian Calder Kerr appeals from the district court's decision affirming the magistrate's memorandum decision, which determined that confiscation by the Idaho Department of Fish and Game (Fish and Game) of a bull elk Kerr killed was proper. The primary issue in this case is the definition of the phrase "unlawfully take," as used in the confiscation statute in Idaho's Fish and Game Code. For the following reasons, we affirm.

I.

FACTS AND PROCEDURE

On October 15, 2015, Kerr shot a trophy bull elk and then trespassed onto private land to retrieve it. A Fish and Game officer issued him a misdemeanor citation for trespass to retrieve wildlife on cultivated land without permission from the landowner. Kerr pled guilty before a

1

magistrate to trespass to retrieve wildlife, Idaho Code § 36-1603(a). However, a dispute arose over whether Fish and Game should be allowed to confiscate the elk under I.C. § 36-1304(b), as it was unclear as to whether illegally retrieving an elk could render the "taking" of the elk unlawful. The magistrate ordered that the elk be confiscated by Fish and Game.

Kerr requested reconsideration of the confiscation issue, and the magistrate granted Kerr permission to brief the issue. The magistrate issued a memorandum decision concluding that confiscation was appropriate. The magistrate reasoned that an unlawful taking had occurred because Kerr committed an unlawful act, namely trespass, in order to possess the elk, with possession falling under the I.C. § 36-202(i) definition of "take." The magistrate declined to make factual findings regarding where the elk was actually shot because it was unnecessary for purposes of the magistrate's analysis. Kerr appealed to the district court.

In affirming the magistrate's memorandum decision, the district court held that the confiscation statute applied because Kerr acted unlawfully in taking possession of the elk. The district court reasoned, alternatively, that Kerr unlawfully took the elk by pursuing it onto private land before it expired, as pursuit is covered by the statutory definition of "take." The district court further held that Kerr was procedurally barred from raising the issue of whether the confiscation statute was unconstitutionally vague as applied to him. Kerr again appeals.

## II.
## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

2

## III.

## ANALYSIS

On appeal, Kerr maintains that the magistrate misapplied the confiscation statute. Specifically, Kerr argues that one cannot "take" an animal more than once and that the first, and only, taking was accomplished when Kerr mortally wounded the elk by shooting it. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

When the legislature recodified Idaho's Fish and Game laws in 1976, it included a new chapter of definitions to help clarify areas of ambiguity. 1976 Sess. Laws 326; H.B. 518 (1972), Statement of Purpose (RS 522). One of these definitions was "take," which is defined as to "hunt, pursue, catch, capture, shoot, fish, seine, trap, kill or possess or any attempt to so do." I.C. § 36-202(i). The issue Kerr focuses on in this appeal is whether a hunter can "take" an animal more than once. Kerr alleges that once he shot the elk, mortally wounding it, the taking had been completed and no subsequent takings could occur. The plain meaning of I.C. § 36-202(i) does not support Kerr's contention that only one taking can occur, as "take" is defined to encompass actions such as pursuing and hunting an animal. The statute unambiguously provides multiple methods by which an animal may be taken, with some of these methods being

prerequisite steps to fulfilling other methods; i.e., hunting and then killing. Accordingly, the magistrate's finding that Kerr took the elk more than once, by shooting it and then trespassing to take physical possession of it, was correct.

Even if Kerr took the elk by pursuing it onto private land or retrieving it from private land, I.C. § 36-1304(b) would not authorize a confiscation unless the taking was unlawful. Under I.C. § 36-1304, the phrase "taken unlawfully" plainly means that the unlawful act must have somehow contributed to the taking and been in violation of Fish and Game laws. Assuming, arguendo, that Kerr was lawfully entitled to possess the elk, Kerr's pursuit and attempt to possess the elk were unlawful as those takings were accomplished via trespassing in violation of I.C. § 36-1603(a). Accordingly, confiscation was proper.[1]

Kerr further contends that regardless of our interpretation of I.C. § 36-1304(b) and I.C. § 36-202(i), the statutes are void for vagueness facially and as applied to the facts of this case. *See State v. Knutsen*, 158 Idaho 199, 202, 345 P.3d 989, 992 (2015). The State contends that this issue was not preserved, as it was not raised before the magistrate or in Kerr's opening brief to the district court. Because we hold that the plain language of the statute clearly provides for the confiscation of an animal taken unlawfully, the statute is not void for vagueness, either facially or as applied; consequently, we decline to address whether the issue was preserved. The district court's decision on intermediate appeal from the magistrate is affirmed.

## IV.

## CONCLUSION

Based on the plain meaning of I.C. § 36-202(i) and I.C. § 36-1304(b), confiscation was appropriate under the circumstances of this case. Therefore, the district court's decision on intermediate appeal from the magistrate is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[1]    Taken as a whole, the statutes cover the entire process of hunting and fishing, requiring that all conduct and circumstances throughout the process be in accordance with the law. If any part of the "taking" process is unlawful, confiscation is proper.