**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45471**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 11, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KYLE ROBERT LASCH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kyle Robert Lasch appeals from his judgment of conviction and sentence for failing to register as a sex offender. Specifically, Lasch challenges the district court's order denying his motion to dismiss. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In a 2010 case, Lasch was charged with possession of sexually exploitative material, Idaho Code § 18-1507. The charging information accused Lasch of possessing material sexually exploiting a child under the age of eighteen years. In exchange for a guilty plea, the State agreed to amend the charge to video voyeurism, I.C. § 18-6609, specifically accusing Lasch of disseminating or publishing images of the intimate areas of another person or persons.

1

At the time of Lasch's guilty plea, an individual must have been convicted of a second or subsequent offense of video voyeurism before that person was obligated to register as a sex offender pursuant to the Sex Offender Registry Act (SORA). I.C. § 18-8304(1)(a) (2010). Thus, Lasch was not required to register as a sex offender. In 2011, the Idaho legislature amended I.C. § 18-8304(1)(a) to require an individual to register who "[o]n or after July 1, 1993, is convicted of the crime . . . provided for in . . . 18-6609 (video voyeurism where the victim is a minor or upon a second or subsequent conviction)." I.C. § 18-8304(1)(a); *see* 2011 Idaho Sess. Laws, ch. 311, § 3, p. 884. Consequently, Lasch was notified by the Idaho Department of Correction and the Kootenai County Sheriff's Department of his duty to register as a sex offender as a result of the amended legislation. Initially, Lasch complied with the requirement.

In 2016, the State charged Lasch with failure to annually register as a sex offender, I.C. §§ 18-8307, 18-8311, and with a persistent violator enhancement, I.C. § 19-2514. Lasch pled not guilty and filed a motion to dismiss challenging the scope and applicability of the amended statute. After holding a hearing on the motion and requesting supplemental briefing, the district court denied Lasch's motion to dismiss. Pursuant to a plea agreement, Lasch entered a conditional guilty plea to I.C. §§ 18-8307, 18-8311 for failure to annually register as a sex offender. Lasch reserved his right to appeal the district court's order denying his motion to dismiss. In exchange for his guilty plea, the State dismissed the persistent violator enhancement. Lasch was sentenced to an indeterminate term of five years. Lasch timely appeals.

## II.

## ANALYSIS

Lasch argues that the district court erred in denying his motion to dismiss because the district court did not act consistently with the applicable legal standards when it determined that Lasch was under a duty to register as a sex offender. A decision to grant or deny a motion to dismiss an information is left within the sound discretion of the trial court. *State v. Curtiss*, 138 Idaho 466, 468, 65 P.3d 207, 209 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

In support of his motion to dismiss, Lasch argued below, as he does on appeal, that I.C. § 18-8304(1)(a), which subjects persons convicted of "18-6609 (video voyeurism where the victim is a minor or upon a second or subsequent conviction)" to sex offender registration requirements unambiguously does not apply to him.[1] Specifically, Lasch argues that the statute does not apply to him because (1) he was not "convicted" of the crime of "video voyeurism where the victim is a minor"; and (2) he did not plead guilty to the crime of video voyeurism where the charging language specified that the victim is a minor.[2]

Because Lasch's motion to dismiss was premised upon a question of statutory interpretation, we must analyze the statute at issue. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

The district court determined that the statute, I.C. § 18-8304(1)(a), is ambiguous as to the phrase "where the victim is a minor," because it can reasonably be construed to mean either a

---

[1] In addition, Lasch assigns error to the methodology that the Idaho State Police Department used in determining that he was required to register as a sex offender. However, Lasch cites no authority that allows this Court to review the Agency's determination on appeal, thus we will not consider his argument. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

[2] Lasch does not contest the fact that the victim of his 2010 crime was actually a minor.

crime that generally involves a child, or a crime that alleges that the victim is a minor. Nonetheless, the district court determined that, considering the legislative intent, the only reasonable interpretation of the statute is "to mean the commission of video voyeurism that generally involves a child." As such, the district court determined that Lasch was required to register "per the 2011 amendment to I.C. § 18-8304(1)" because "Lasch's conviction for video voyeurism was a case where the victim(s) were minors." Thus, the district court denied Lasch's motion to dismiss.

The State argues that the plain language of the statute unambiguously requires Lasch to register as a sex offender if the victim of his video voyeurism crime was in fact a minor. We agree. The relevant language of the statute is plain and unambiguous. Idaho Code § 18-8304(1)(a) lists the specific crimes within the Idaho Code that require sex offender registration, each followed by an explanatory parenthetical explaining the crime and/or the facts of the crime that trigger the registration requirement. For the crime at issue, I.C. § 18-8304(1)(a) cites "18-6609 (video voyeurism where the victim is a minor . . .)." Idaho Code § 18-6609 is the crime of video voyeurism. The parenthetical language that follows "video voyeurism" identifies the specific facts of that crime, i.e., "where the victim is a minor," that trigger the registration requirement. There is no specific crime of "video voyeurism where the victim is a minor." *See* I.C. § 18-6609. The plain language of the statute unambiguously subjects an individual that is convicted of the crime of video voyeurism, I.C. § 18-6609, to registration requirements where the victim is a minor. Thus, Lasch's argument that he must have been convicted of the crime of "video voyeurism where the victim is a minor" is not a rational reading of the statute.

Finally, Lasch's argument that I.C. § 18-8304(1)(a) unambiguously requires that the information charging video voyeurism must specify that "the victim is a minor" is unpersuasive. It is obvious that the statute does not express how the victim's status as a minor is to be determined. We must presume that "a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). Courts cannot insert into statutes terms or provisions which are obviously not there. *In Re Adoption of Chaney*, 126 Idaho 554, 558, 887 P.2d 1061, 1065 (1995). The only requirement that appears in the plain language of I.C. § 18-8304(1)(a) is that the "victim is a minor," and we therefore cannot read additional requirements into the statute.

We conclude that the relevant portion of I.C. § 18-8304(1)(a) unambiguously requires an individual to register as a sex offender if convicted of video voyeurism, I.C. § 18-6609, and the victim was in fact a minor. Because the district court ultimately found that the statute required Lasch to register if his video voyeurism charge involved a victim that was in fact a minor, the district court did not abuse its discretion in denying Lasch's motion to dismiss.

## III.

## CONCLUSION

The district court did not abuse its discretion in denying Lasch's motion to dismiss. Therefore, Lasch's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.