# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43934

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 13 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 9, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SEAN ANTHONY THOMAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Sean Anthony Thomas appeals from the district court's order denying Thomas's I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

Thomas pled guilty to lewd conduct for sexually abusing his daughter, who was under the age of sixteen. I.C. § 18-1508. On June 2, 2014, the district court sentenced Thomas to a unified term of fifteen years, with a minimum period of confinement of five years, but retained jurisdiction for a period of 365 days. The district court filed the judgment of conviction ten days later. On June 18, 2015, the district court entered an order confirming that Thomas's period of retained jurisdiction had automatically expired by operation of law because more than 365 days had elapsed since Thomas's sentence had been imposed. Thomas filed a motion requesting appointment of counsel for the purpose of pursuing relief under Rule 35, which the district court

granted. On October 8, 2015, Thomas filed his Rule 35(b) motion for reduction of sentence. Following a hearing, the district court denied Thomas's Rule 35(b) motion finding that it had been filed more than 120 days after Thomas's period of retained jurisdiction expired. Thomas appeals.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). The filing limitations provided by Rule 35 are a jurisdictional limit on the authority of the court to consider the motion and, unless filed within the period, a district court lacks jurisdiction to grant any relief. *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct. App. 1987).

Thomas argues the district court erred in finding that Thomas's Rule 35 motion for reduction of sentence was untimely. Specifically, Thomas contends that the district court erroneously calculated the date on which Thomas's period of retained jurisdiction expired by using the date of the pronouncement of sentence to calculate the timeliness of the Rule 35 motion. In support, Thomas asserts that the relevant statute, I.C. § 19-2601(4), is ambiguous and that legislative history and the statute's underlying purpose show that a period of retained jurisdiction runs from the filing of the written judgment of conviction and not from the date of the pronouncement of sentence. Consequently, Thomas argues that, when properly calculated from the judgment of conviction filing date, his period of retained jurisdiction expired 118 days prior to his filing the Rule 35(b) motion, thus rendering his motion timely. Conversely, the State argues the plain language of Rule 35(b) and I.C. § 19-2601(4) provide that a period of retained jurisdiction expires 365 days after the district court pronounces sentence, not 365 days after a sentencing court subsequently enters the judgment of conviction. Consequently, the State contends the district court correctly found that Thomas's period of retained jurisdiction automatically expired on June 2, 2015, and that Thomas's Rule 35(b) motion, filed 128 days later, was untimely.

The relevant provisions at issue on appeal are I.C.R. 35(b) and I.C. § 19-2601(4). Idaho Criminal Rule 35(b) provides that a district court has discretion to consider and act upon a motion filed within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction. Retained jurisdiction automatically terminates upon the

2

expiration of the defined period specified in I.C. § 19-2601(4). *See State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005); *State v. Ward*, 150 Idaho 446, 448, 247 P.3d 673, 675 (Ct. App. 2010). As such, Thomas's Rule 35(b) motion was required to be filed within 120 days of the date on which his period of retained jurisdiction automatically expired.

Generally, a sentencing court's jurisdiction ends once the sentencing court orders a defendant into the custody of the Board of Correction. *State v. Williams*, 126 Idaho 39, 43, 878 P.2d 213, 217 (Ct. App. 1994). However, I.C. § 19-2601(4) creates an exception to the general rule. Specifically, I.C. § 19-2601(4) provides, in relevant part:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion may:
>
> . . . .
>
> (4) *Suspend the execution of the judgment at any time during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for a period of up to the first three hundred sixty-five (365) days.* Except as provided for in section 19-2601A, Idaho Code, during the period of retained jurisdiction, the state board of correction shall be responsible for determining the placement of the prisoner and such education, programming and treatment as it determines to be appropriate. The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court.

(Emphasis added.)[1]

Thomas argues that I.C. § 19-2601(4) is ambiguous necessitating review of the statute's legislative history and purpose. Thomas asserts that the legislative history and purpose of I.C. § 19-2601(4) support his contention that a period of retained jurisdiction commences on the date the judgment of conviction was filed. We disagree. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389,

---

[1] In certain extraordinary circumstances, the sentencing court may also take up to an additional thirty days to determine whether or not to place a defendant on probation at the end of the 365-day period of retained jurisdiction. I.C. § 19-2601(4). Such an extension period is not applicable in this case.

3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

The plain language of I.C. § 19-2601(4) indicates that there is one 365-day period during which the sentencing court may consider suspension of a judgment and that, during this period, the sentencing court shall retain jurisdiction. The statute defines this period as "the first 365 days of a sentence." The term "sentence" is defined as the "judgment that a court formally pronounces after finding a criminal defendant guilty." BLACK'S LAW DICTIONARY 1569 (10th ed. 2014); *see also* I.C. § 20-209A (a person's term of confinement begins from the day of his or her sentence); *State v. Joyner*, 121 Idaho 376, 379, 825 P.2d 99, 102 (Ct. App. 1992) (holding that a sentence is considered imposed when it is orally pronounced).

This Court previously analyzed the plain language of I.C. § 19-2601(4) in order to determine when a period of retained jurisdiction commenced in *State v. Petersen*, 149 Idaho 808, 241 P.3d 981 (Ct. App. 2010). There, Peterson argued that his period of retained jurisdiction did not commence until he was physically placed into the custody of the Board of Correction. *Id.* at 813, 241 P.3d at 986. We rejected this argument and held:

> A defendant's sentence begins when it is imposed by the court. I.C. § 20-209A. As such, the plain language of I.C. § 19-2601(4) contemplates that the time for the . . . *period of retained jurisdiction begins to run once the sentence is pronounced, regardless of whether the defendant is transported to the Board [of Correction] immediately or there is some delay*.

*Id.* (emphasis added). On appeal, Thomas argues that this Court incorrectly decided *Peterson*. Thomas contends that this Court was not asked to decide whether a period of retained

jurisdiction runs from sentencing hearing or the judgment of conviction date. Thomas also asserts that this Court incorrectly relied on I.C. § 20-209A to interpret the meaning of "sentence" as used in I.C. § 19-2601(4). We disagree and decline to overrule *Peterson*. We hold that the plain language of I.C. § 19-2601(4) necessarily requires a period of retained jurisdiction to run from the pronouncement of sentence not from the date the judgment of conviction is entered.

The district court pronounced sentence and retained jurisdiction on June 2, 2014. Thomas's period of retained jurisdiction therefore began to run on June 2, 2014, and expired by operation of law 365 days later on June 2, 2015. Thomas filed his Rule 35(b) motion 128 days later on October 8, 2015, which was untimely. Consequently, Thomas has failed to show that the district court erred in denying his motion. Accordingly, the district court's order denying Thomas's I.C.R. 35 motion for reduction of sentence is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.