IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46106

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 21, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| ROBERT CHARLES ELIZARRARAZ, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Order extending duration of no-contact order, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Robert Charles Elizarraraz appeals from the district court's order extending the duration of a no-contact order. Specifically, Elizarraraz argues the district court erred because it did not have the authority to extend the order. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Elizarraraz was charged with misdemeanor domestic assault for the abuse of his wife, A.E. A no-contact order was put in place. Contrary to the order, Elizarraraz moved back into the marital home with A.E.; law enforcement only became aware of the violation when they responded to a suicide attempt by Elizarraraz. Elizarraraz was arrested and convicted for violating the no-contact order. Elizarraraz continued to contact the victim, calling her from prison. Based on these contacts, Elizarraraz was charged with three felony counts of violating

1

the no-contact order which were enhanced for being a persistent violator. Idaho Code §§ 18-920(3), 19-2514.

Pursuant to a plea agreement, Elizarraraz pled guilty to one count of felony violation of a no-contact order. I.C. § 18-920(3). The district court imposed a unified sentence of five years, with one year determinate. The judgment of conviction provided that Elizarraraz should have no contact with A.E. The order was set to expire on February 27, 2018. In January of 2018, A.E. filed a request to modify the no-contact order, asking the district court to extend the order and to add her and Elizarraraz's shared child as a protected party. Elizarraraz filed an objection, claiming the district court only had the authority to terminate or modify the no-contact order, not to extend it. He did not otherwise object to the order as to A.E., stating that he "has no issue ever talking to [A.E.] ever again."[1] The district court determined it did have authority to modify the no-contact order extending it to April 26, 2028, but declined to add their child to the order.[2] The district court additionally allowed Elizarraraz to contact A.E. through mutually agreeable third parties for matters affecting their child. Elizarraraz timely appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind

---

[1] Below, Elizarraraz appears to only have taken issue with the no-contact order as it applied to his child. However, having preserved all "jurisdiction objections," he now challenges the order which solely protects A.E.

[2] The court indicated that the matter as to the child was for the family court.

the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Similarly, interpretation of a court rule must begin with the plain, ordinary meaning of its words. However, interpretation of the rule's language may be tempered by the purpose of the rule. The Court will not interpret a rule in a way that would produce an absurd result. Instead, consistent with the intent of the Idaho Criminal Rules to provide for the just determination of every criminal proceeding, the Court will construe the rules to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay. I.C.R. 2(a); S*tate v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017).

## III.

## ANALYSIS

Elizarraraz argues the plain language of I.C. § 18-920 and I.C.R. 46.2 does not authorize a district court to extend the duration of a no-contact order. Specifically, that a plain reading of Rule 46.2 allows the district court to modify the substance of an order, which is only the scope of prohibited contacts, but not its duration. Further, that the rule only allows one action regarding duration and that is termination. The State counters that the rule allows modifications, which naturally includes the ability to modify the duration. The State is correct.

Idaho Code § 18-920 allows the district court to impose a no-contact order for certain convictions, including domestic assault.[3] Idaho Criminal Rule 46.2(b) provides:

> (b) Modification or Termination at Request of Protected Person. A protected person named in a no contact order may request *modification or termination* of that order by filing a written and signed request with the clerk of the court in which the criminal offense is filed. Forms for such a request must be available from the clerk. The court must provide for a hearing within fourteen (14) days of the request and must provide notice of the hearing to the protected person and the parties.

---

[3]     Idaho Code § 18-920 provides: When a person is charged with or convicted of an offense under I.C. §§ 18-901, 18-903, 18-905, 18-907, 18-909, 18-911, 18-913, 18-915, 18-918, 18-919, 18-6710, 18-6711, 18-7905, 18-7906, or 39-6312, or any other offense for which a court finds that a no-contact order is appropriate, an order forbidding contact with another person may be issued. A no-contact order may be imposed by the court or by Idaho Criminal Rule.

(Emphasis added). The district court determined that neither the plain language of the statute or the rule place any limitation on the district court's ability to extend a no-contact order's duration as long as the end date is definite:

> [Elizarraraz] has provided no direct authority showing that the Court lacks jurisdiction[4] to extend the NCO in this case. [Elizarraraz] asserts that the modification allowed in Rule 46.2 only relates to the "substance" of the Order. However, the plain language of Rule 46.2 is not so limited. [Elizarraraz] is correct in asserting that a NCO cannot have an indefinite end date. Accordingly, if the NCO is extended in this case, it will have a definite date of termination.

(Citation omitted). The district court's determination is correct, nothing in rule or statute indicates that "modification" must be read so narrowly as to exclude duration. The language is plain and unambiguous. Elizarraraz relies on *State v. Cobler*, 148 Idaho 769, 229 P.3d 374 (2010) for the proposition that the district court does not have authority to extend no-contact orders. *Cobler*, however, simply held that orders may not have an indefinite termination date or exist in perpetuity. *Id.* at 772, 229 P.3d at 377. Neither is the case with the order in question. Because nothing within the two provisions indicates the district court lacks the authority to modify a no-contact order at any time during its existence and Elizarraraz has provided no authority suggesting otherwise, we affirm the district court's order.

## IV.
## CONCLUSION

The district court correctly determined it had authority to extend the duration of the no-contact order based on the plain language of I.C. § 18-920 and I.C.R. 46.2. Accordingly, we affirm.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[4] Elizarraraz argued both lack of subject matter jurisdiction and lack of authority to act as if they were synonymous. Though inaccurate, the argument as to the district court's lack of authority to act under the statute and rule was preserved and is the issue on appeal.