# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48860

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, May 2022 Term |
| | ) | |
| v. | ) | Opinion filed: August 12, 2022 |
| | ) | |
| MELANIE NICOLE HALL, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Michael Reardon, District Judge.

The district court order is <u>affirmed</u>.

Eric D. Fredericksen, Idaho State Public Defender, Boise, attorney for Appellant. Jenny Swinford argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Respondent. Mark Olson argued.

_____

BEVAN, Chief Justice.

Melanie Hall appeals from a district court's order modifying a no contact order. Hall argues the district court lacked subject matter jurisdiction to modify the no contact order because it had expired by the time the district court entered its order. Hall asks this Court to reverse the district court's order modifying the no contact order and hold the amended order is void. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, the State charged Hall with felony stalking of her ex-husband, in violation of Idaho Code section 18-7905(a), and aggravated assault, in violation of Idaho Code section 18-905. Based on the charges, the district court entered a no contact order, and set it to expire in May 2017, prohibiting Hall from contacting her ex-husband. In January 2016, a jury found Hall guilty of felony stalking. The jury returned a verdict of not guilty on the aggravated assault count.

1

In March 2016, the district court entered a judgment of conviction for stalking and sentenced Hall to a five year unified sentence, with the first two years fixed. The court also entered an amended no contact order prohibiting Hall from contact with her ex-husband and their two minor children. The new no contact order was set to expire at 11:59 p.m. on March 28, 2021.

Hall moved to amend the no contact order twice. Once, to allow written communication, and another time to allow Hall to send Christmas presents to her children. Both requests were granted. The expiration date remained March 28, 2021.

On March 26, 2021, two days before the order was set to expire, the State moved to extend the no contact order beyond the expiration date. The State explained that Hall's victims were concerned with the imminent expiration of the order, and informed the district court that a new charge of violation of the no contact order had been filed against Hall. Two days after the no contact order expired, on March 30, 2021, the district court held a hearing on the State's motion. The hearing was continued after the court learned Hall's attorney had been unable to contact her. The following day, the State filed a memorandum in support of its motion. The State argued the district court had authority to extend the no contact order under recent case law, Idaho Criminal Rule 46.2, and Idaho Code section 18-920.

On April 6, 2021, the district court attempted to hold another hearing on the State's motion, however, Hall was not present and so the hearing was continued once again. On the same day, Hall's ex-husband filed his own request to modify the no contact order and extend it for the "continued safety" of their children. The ex-husband recounted a recent occurrence in which Hall contacted one of the daughters at work and screamed at her, which resulted in the daughter being afraid to return to work.

On April 27, 2021, the district court held another hearing, at which Hall was present. The ex-husband asked the court to extend the no contact order until at least May 6, 2023, when the older child would be eighteen years old. Hall opposed extending the no contact order, arguing this was not the appropriate venue for the court to extend a no contact order past the original expiration date because the court's subject matter jurisdiction had passed. Hall highlighted that she had not been convicted of the misdemeanor charge of violating the no contact order, and the judge in that case could still enter a no contact order if a motion was put in front of him or if Hall was convicted of violating the no contact order. Hall also suggested the ex-husband could obtain a civil protection order. Hall raised a concern that "when we have a motion that comes essentially on the eve of

2

expiration, it appears that orders can essentially live on in perpetuity, and I am worried that is what we are getting into here."

The district court orally granted the State's motion to modify the no contact order. As to the issue of subject matter jurisdiction, the district court determined that the no contact order existed separately from Hall's sentence, and found that case law grants the district court discretion to extend a no contact order as part of a "modification." The district court agreed that it was a more difficult proposition to continually extend no contact orders into perpetuity; however, it concluded that was not what it was being asked to do. The court found it had been given a finite date at which the order would expire and the request for an extension arose from a credible allegation that Hall had not abided by the last no contact order. The court concluded that "the parties, particularly the children in this case, are entitled to the protection of the no-contact order." Further, given the credible pending allegations, the court removed the earlier exceptions in the no contact order.

On April 27, 2021, the district court entered an amended no contact order, and set it to expire May 6, 2023. Hall filed a timely notice of appeal.

## II. STANDARD OF REVIEW

"Whether a court lacks jurisdiction is a question of law that can be raised at any time and over which appellate courts exercise free review." *State v. Miller*, 151 Idaho 828, 832, 264 P.3d 935, 939 (2011) (citing *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004)). The Court freely reviews the interpretation of criminal rules and statutes. *State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008).

## III. ANALYSIS

**The district court had the authority to amend the no contact order because the State's motion to extend the expiration date was timely filed.**

Hall brings her appeal asserting the sole issue is whether a district court has subject matter jurisdiction to modify a no contact order after its expiration date, if the underlying motion was filed before it expired. Hall argues the district court lost its authority to modify the no contact order upon its expiration; thus, the amended no contact order is invalid. The State counters that the district court retained subject matter jurisdiction to rule on the State's motion because it was timely filed before the no contact order expired.

We first recognize that this Court has "clean[ed] up the imprecise use of the term 'jurisdiction.'" *State v. Brown*, 170 Idaho 439, 511 P.3d 859, 861 (2022). *Brown* was decided after

3

this case was litigated in district court and after the parties filed their briefing with this Court. *Brown* was also not submitted as supplemental authority by either party to the appeal, but it was discussed during oral argument. *Brown* is directly relevant to Hall's appeal here, because we recognized there that

> [t]he Idaho Constitution confers general jurisdiction on Idaho district courts to hear all cases in law and equity. Idaho Const. Article V, § 20; *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Once a district court acquires subject matter and personal jurisdiction over a criminal defendant, the court's "jurisdiction continues until extinguished by some event." *State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016).

*Id*. Thus, the question raised by Hall here, though not stated as such, is whether "some event" occurred by the expiration of the original no contact order before the district court could rule on the motion to extend it, which extinguished the district court's jurisdiction.

To reiterate, "[s]ubject matter jurisdiction is the power to determine cases over a general type or class of dispute." *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011) (quoting *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007)). The source of this power comes from Article V, Section 20, of the Idaho Constitution, which provides that district courts "shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." *Id*. "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Judgments and orders made without subject matter jurisdiction are void. *Lute*, 150 Idaho at 840, 252 P.3d at 1258.

Idaho Code section 18-920 and Idaho Criminal Rule 46.2 govern no contact orders. Section 18-920 allows a court to impose a no contact order:

> When a person is charged with or convicted of an offense under [certain Idaho Code sections], or any other offense for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued. A no contact order may be imposed by the court or by Idaho criminal rule.

I.C. § 18-920(1). Nothing in this statute sets a limitation period on a no contact order. Thus, there is no triggering jurisdictional event other than filing a charge meriting a judge's issuing the same.

"Pursuant to this Court's inherent rulemaking power, [Idaho Criminal Rule] 46.2 was promulgated in 2002 to govern the issuance of no contact orders by Idaho courts." *State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008). Rule 46.2 provides:

4

(a) Orders in Writing; Service; Form; Contents. No contact orders issued pursuant to Idaho Code § 18-920 must be on the Supreme Court form found in Appendix A[1] and served on or signed by the defendant. A defendant, who was not present when the order was initially issued, may request a hearing on the order. This request must be filed within seven (7) days of service of the order. The court must hold a hearing within fourteen (14) days of the filing of the request and must provide notice of the hearing to the protected person and the parties. Whenever a no contact order is issued, modified or terminated by the court, or the criminal case is dismissed, the clerk must immediately give written notification to the sheriff's office in the county in which the order was originally issued for entry into records systems.

(b) Modification or Termination at Request of Protected Person. A protected person named in a no contact order may request modification or termination of that order by filing a written and signed request with the clerk of the court in which the criminal offense is filed. Forms for such a request must be available from the clerk. The court must provide for a hearing within fourteen (14) days of the request and must provide notice of the hearing to the protected person and the parties.

I.C.R. 46.2.

The Idaho Court of Appeals has held that a "modification" of a no contact order includes the ability to extend its duration. *State v. Elizarraraz*, 166 Idaho 642, 644–45, 462 P.3d 620, 622–23 (Ct. App. 2020). However, this Court has held a no contact order cannot operate in perpetuity or contain an indefinite termination date. *State v. Gorringe*, 168 Idaho 175, 181, 481 P.3d 723, 729 (2021); *see also State v. Cobler*, 148 Idaho 769, 772, 229 P.3d 374, 377 (2010) (Idaho Criminal Rule 46.2 requires an expiration date on all no contact orders).

Hall cites four cases that she argues help clarify this issue. We will discuss each case in turn, though we find none of the cases useful in resolving the issue Hall presents. First, in *State v. Gorringe*, the defendant appealed from a district court order amending a no contact order, arguing the district court lacked subject matter jurisdiction. 168 Idaho at 177, 481 P.3d at 725. The original no contact order was incorporated into the defendant's judgment of conviction and lacked most of the requirements of Idaho Criminal Rule 46.2, including an expiration date. *Id*. at 179–80, 481 P.3d at 727–28. This Court held, because the no contact order failed to even minimally comply with Rule 46.2, the order was "unenforceable." *Id*. at 182, 481 P.3d at 730. As such, this Court

---

[1] The approved and mandatory form for no contact orders dictates that an expiration date be included when the judge signs the form. I.C.R. 46.2 (appendix). This Court has also required that all no contact orders include an expiration date. *See Castro*, 145 Idaho at 175–76, 177 P.3d at 389–90 (judges must provide termination date for all no contact orders issued after July 1, 2004).

held the district court's subsequent attempt to amend the no contact order and fix those errors was void. *Id*. at 183, 481 P.3d at 731. Since the original, invalid no contact order was contained in a judgment of conviction, the Court reasoned that the district court's jurisdiction to amend the order "was extinguished" when the judgment became final. *Id*. This Court reversed the district court's order amending the no contact order and held the original no contact order was void. *Id*. This result fits our clarification in *Brown* that the imposition of sentence is one "triggering event" that generally divests the district court of jurisdiction to do anything else involving a criminal defendant. *See Brown*, 170 Idaho at ___, 511 P.3d at 861 ("Generally, once a defendant is placed into actual physical custody of the Board of Correction[ ], the district court's jurisdiction is extinguished.").

Second, in *State v. Vaughn*, the district court sentenced Vaughn, placing him on probation. 156 Idaho 13, 14, 319 P.3d 497, 498 (Ct. App. 2014). The court also issued a no contact order which contained an incorrect case number. More than two years later, while Vaughn was still on probation, the district court amended the no contact order, fixing the case number error. *Id*. Vaughn was subsequently charged with violating the no contact order nine separate times. *Id*. Vaughn argued the district court had entered the no contact order without jurisdiction because it originally entered the order with the incorrect case number. *Id*. The Court of Appeals determined that, though Rule 46.2 requires that a case number be written on the order, nothing suggests a court is without jurisdictional power to issue or enforce a no contact order, even if the order bore an incorrect case number. *Id*. at 15, 319 P.3d at 499. The Court of Appeals determined that the "listed case number was a mere clerical error" that "simply resulted in the wrong case number being written down." *Id*. at 16–17, 319 P.3d at 500–01. Thus, the Court of Appeals concluded the entry of the protective order under an incorrect case number did not affect the trial court's subject matter jurisdiction. *Id*. at 17, 319 P.3d at 501.

Third, in *State v. Taylor*, this Court considered whether the district court had jurisdiction to suspend a defendant's sentence and place him on probation after the expiration of the 180-day retained jurisdiction. 142 Idaho 30, 30, 121 P.3d 961, 961 (2005). At the time, section 19-2601 permitted a court to retain jurisdiction over a prisoner for 180 days, and upon expiration of that period, the court lost jurisdiction to place the prisoner on probation. *Id*. at 31, 121 P.3d at 962. In 2005, the statute was amended to extend the court's jurisdiction for thirty more days in limited circumstances; however, in 2004 there was no exception to the expiration of the court's

jurisdiction. *Id*. On appeal, this Court held the district court had no jurisdiction to suspend the sentence once the 180-day period of retained jurisdiction had expired and reversed the judgment. *Id*. at 32, 121 P.3d at 963. *Accord State v. Thomas*, 161 Idaho 898, 900, 392 P.3d 1239, 1241 (Ct. App. 2017) ("Retained jurisdiction automatically terminates upon the expiration of the defined period specified in I.C. § 19-2601(4)."). Once again, the statutory extension of the district court's jurisdiction was an unforgiving "triggering event." "[I]f the district court does not grant probation within 365 days," the district court's "jurisdiction automatically terminates in favor of the Board [of Correction]." *Brown*, 170 Idaho at ___, 511 P.3d at 861.

And fourth, in *State v. Gamino*, a defendant argued the district court lacked jurisdiction to consider a probation violation because the prosecutor's motion was not filed until six days after his probation expired. 148 Idaho 827, 828, 230 P.3d 437, 438 (Ct. App. 2010). Determining it had the requisite authority, the district court found the defendant violated his probation and extended his probationary period. *Id*. The Court of Appeals reversed, determining the relevant statute, Idaho Code section 20-222, required the revocation proceedings to commence "[a]t any time during probation . . . ." *Id*. at 829–31, 230 P.3d at 439–41. The end of probation was, once again, a "triggering event." Because the State's motion to revoke the defendant's probation was not filed during Gamino's probation, the district court was without jurisdiction to hear it. *Id*. at 831, 220 P.3d at 441. In so holding, the Court of Appeals acknowledged the ramifications of section 20-222:

> We recognize that the situation may arise where a probation violation occurs within the period of probation, but is not discovered until afterward or occurs so late in the period of probation that it cannot be brought to the court before the term expires. However, I.C. § 20-222 does not provide for a time certain or a reasonable time after the probation term expires to bring a proceeding based upon a violation occurring during the term of probation. Therefore, unless and until the legislature were to amend the statute to include a term to that effect, we are constrained by the statute, and the motion in this case was not timely filed.

*Id*. at 831–32, 230 P.3d at 441–42. *See also State v. Hartwig*, 150 Idaho 326, 329, 246 P.3d 979, 982 (2011) (State's untimely motion to reconsider an order did not extend district court's jurisdiction, and district court lost jurisdiction to modify its order once it became final).

Hall argues these cases support her position that a district court does not have subject matter jurisdiction to modify a no contact order after its expiration date. However, as we have noted for three of the four cases, each involved a triggering event that rightly deprived the district court of

jurisdiction. *Vaughn*, involving a clerical error, did not include a triggering event, and thus the district court had jurisdiction to correct the error. As a result, none of the cases cited by Hall squarely address the unique issue presented here: what to do when the motion to extend was filed while the no contact order was still valid. A "triggering event" never occurred here. Thus, the district court continued to have jurisdiction provided by the Idaho Constitution and the statutory authority of Idaho Code section 18-920 to modify the order based on a motion filed before that order expired.

Even though the lack of a triggering event here leads us to our conclusion affirming the district court, the purpose of Rule 46.2 also merits discussion. The State asserts that we can analogize the facts here to those cases when we have held that the district court had jurisdiction to rule on a timely filed Idaho Criminal Rule 35(b) motion, at least for a reasonable time following the timely filing of the motion. Rule 35(b) provides that motions made under that subsection to correct or reduce a sentence must be filed within 120 days of the entry of the judgment imposing the sentence or order retaining jurisdiction. I.C.R. 35(b). This assertion has some merit.

In *State v. Chapman*, we addressed a situation where a defendant filed a timely Rule 35(b) motion, but the district court did not rule on it until after the 120-day limit had expired. 121 Idaho 351, 825 P.2d 74 (1992). Acknowledging that the Idaho Criminal Rule was taken almost verbatim from the language in Rule 35 of the Federal Rules of Criminal Procedure, the Court looked to federal cases that had considered the issue and held that so long as a defendant files the motion within the 120-day period[2], the trial court would have a "reasonable" period after the 120 days expires to rule on the motion. *Id*. at 352, 825 P.2d at 75. As the Ninth Circuit explained in *United States v. Smith*, 650 F.2d 206 (9th Cir. 1981):

> The 120-day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison. . . .
>
> The Rule's language, read literally, provides that the district court loses jurisdiction at the end of the 120-day period, regardless of when the motion was filed or of extenuating circumstances. . . . .

---

[2] We note that Federal Rule of Criminal Procedure 35, which I.C.R. 35 was modeled on, was amended in 1987 and eliminated the 120-day provision. Even so, the federal cases discussing the rationale behind allowing some flexibility to deciding such motions remain worthy of our consideration.

8

> This court and other appellate courts have mitigated the arbitrary operation of the Rule by treating the time limit with some flexibility, allowing district courts to retain jurisdiction over timely-filed motions for a "reasonable time" beyond the deadline.

650 F.2d at 208–09 (citations omitted). Likewise, in *United States v. Stollings*, 516 F.2d 1287 (4th Cir. 1975), the Fourth Circuit held that "jurisdiction is not lost . . . at least for so long as the judge reasonably needs time to consider and act upon the motion." 516 F.2d at 1288. The court explained its holding as follows:

> The rule does not speak in terms of the time within which the motion must be filed. A strictly literal reading would relate the time period to the court's action rather than to the defendant's motion for relief . . . .

> We need not give the Rule so literal a reading, however, and we can not [sic] assume that such a reading was intended when the consequences would be so devastatingly and arbitrarily fortuitous. For any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court long before expiration of the 120 day period. The judge may be ill, absent from his district on vacation or for service in some other district, or preoccupied in the trial of a protracted case which should not be interrupted for the conduct of unscheduled hearings in other matters. Frequently in these cases, evidentiary hearings must be held, as in this case, or a medical examination procured. In any such case, witnesses must be summoned or medical reports received, or both.

> In such instances, the time required for the court's consideration and action upon the motion is wholly beyond the control of the convicted defendant. He has no means of predicting with any assurance whether the court's need of time to reconsider and act upon his motion will be for one week, two weeks, four weeks, or two months, and if delay flows from the incapacity, the absence or the preoccupation of the judge, its consequences should not be visited upon the prisoner.

516 F.2d at 1288–89.

This Court in *Chapman* also cited the Idaho Court of Appeals' application of the federal standard from *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984), "that a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120-day period expires before the judge reasonably can consider and act upon the motion." *Chapman,* 121 Idaho 353, 825 P.2d at 76.

Relying on the reasoning and policy explanations of these cases, this Court held:

> [A] district court does not lose jurisdiction to act upon a timely-filed motion under Rule 35 merely because the 120-day period expires before the judge can reasonably consider and act upon the motion. Allowing a trial court to rule within a

> "reasonable" time will allow the court to fulfil its own duties, yet will prevent cases in which the defendant files a Rule 35 motion at the very end of the 120-day period, for instance on the 119th day, leaving the court only one day to rule on the motion. A strict interpretation would, in such a case, be highly impractical and would most often cause the trial court to lose jurisdiction without ever having a chance to consider the motion.

*Id*. at 353–54, 825 P.2d at 76–77.

The State argues similar concerns and policy considerations are at play when the State or a protected party seek extension of a no contact order. We agree but emphasize that the 120-day time limit in Rule 35 remains a triggering event. There is no such time restriction, and thus no triggering event, for no contact orders. Even so, if a court were to lose the power to extend a no contact order strictly upon the expiration date listed on the order, a protected party, who has no control over when a district court might rule on a timely filed motion, could ultimately pay the price. We hold that the consequences of practical delays preventing a court from immediately considering a request to extend a no contact order should not be borne by the protected party, particularly considering the danger posed to the protected party's personal safety which justified the no contact order in the first place.

The Idaho Supreme Court is "not constrained by the constitutional separation of powers when interpreting rules" that it promulgated. *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). Accordingly, "while the interpretation of a court rule must always begin with the plain, ordinary meaning of the rule's language it may be tempered by the rule's purpose." *Id*. This Court will therefore "not interpret a rule in a way that would produce an absurd result. Instead, in keeping with the Idaho Criminal Rules' aim of 'provid[ing] for the just determination of every criminal proceeding[,]' [the Court] construe[s] the rules 'to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay.' " *Id*. (quoting I.C.R. 2(a)).

The Idaho Legislature gave courts a broad statutory grant of authority to impose no contact orders with no limitation on that authority. I.C. § 18-920. Idaho Criminal Rule 46.2 outlines the requirements of a no contact order, but nothing in the rule limits a court's ability to consider a timely filed motion to extend. Applying Idaho Criminal Rule 2(a), and the rationale of *Chapman*, we hold that the district court had authority to modify the no contact order because the State moved to modify the no contact order before it expired. Allowing the district court a reasonable amount of time to hold a hearing and rule on a timely filed motion is supported by policy considerations as well. For example, our holding today would prevent a defendant from evading the court near

10

the expiration of a no contact order in an effort to thwart the effect of a timely filed motion. Likewise, today's ruling would avoid any situation in which a no contact order is terminated based on the court's failure to either (1) locate the individual prior to the order's expiration or (2) rule on the motion before the no contact order's expiration date. In the case at hand, there is no sign that Hall was intentionally evading the court or that her attorney was not acting in good faith trying to locate her; still, these circumstances could arise in the future if we applied a strict application of the expiration date in resolving this question.

At oral argument, Hall focused a significant portion of her argument suggesting that the district court could have entered a new no contact order rather than extend the existing no contact order after its expiration date. We view a rule that would require such hurdles to be unnecessary; the result is the same. The district court did not need to enter a new no contact order to accomplish its purposes when it could amend the existing no contact order based on a timely filed motion. We hold the district court had authority to enter the amended no contact order because it was adjudicating a timely filed motion.

## IV. Conclusion

We affirm the district court's decision.

Justices BRODY, STEGNER, MOELLER, and ZAHN, CONCUR.