# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50765-2023

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, December 2023 Term |
| | ) | |
| v. | ) | Opinion filed: April 3, 2024 |
| | ) | |
| KENNETH RICHARD ROSE, JR., | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The district court's Order Suspending Execution of Modified Judgment and Sentence is <u>vacated</u>.

Raúl R. Labrador, Idaho Attorney General, Boise, for Appellant. Mark Olson argued.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Respondent. Kimberly Coster argued.

---

ZAHN, Justice.

This appeal concerns whether the district court had jurisdiction to consider a motion for reduction of sentence made pursuant to Idaho Criminal Rule 35(b) following the conclusion of a direct appeal. Kenneth Richard Rose, Jr., entered a conditional guilty plea to one count of felony aggravated driving under the influence. The district court sentenced Rose to six years in prison, with one year fixed. However, the district judge indicated at Rose's sentencing hearing that it would revisit Rose's sentence after his direct appeal and then stayed the execution of Rose's sentence, citing Idaho Criminal Rule 38.

Following the issuance of the remittitur at the conclusion of Rose's direct appeal, the district court held a status conference and indicated that Rose's case needed to be set for sentencing. The State objected, arguing that Rose had already been sentenced and the district court

did not have jurisdiction to modify his sentence. Rose then moved the district court for a reduction of sentence pursuant to Rule 35(b). The district court concluded that, because execution of Rose's sentence was stayed pending appeal, Rose's Rule 35(b) motion was timely. The district court granted Rose's Rule 35(b) motion and modified Rose's sentence. The State appealed the decision to the Court of Appeals, which affirmed. The State then filed a petition for review with this Court, which we granted. We hold that the district court did not have jurisdiction to modify Rose's sentence because his Rule 35(b) motion was untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, Rose was driving on Clagstone Road in Kootenai County when he crossed over the centerline and struck a vehicle head on. Rose and the victim suffered severe injuries. A forensic report of Rose's blood revealed that his blood alcohol content was .107 at the time of the crash, and marijuana and drug paraphernalia were found on his person by hospital staff. The State charged Rose with aggravated driving under the influence of alcohol and/or drugs pursuant to Idaho Code section 18-8006, and possession of a controlled substance pursuant to Idaho Code section 37-2732(c)(3).

In March 2017, Rose pleaded not guilty to both counts and filed a motion to suppress the blood results and evidence of marijuana. The district court denied Rose's motion to suppress the blood test results but granted his motion to suppress the evidence of marijuana. Rose then entered an *Alford* plea conditioned on his right to appeal the district court's decision denying his motion to suppress. The State dismissed the possession of controlled substance charge in exchange for Rose's guilty plea.

At Rose's sentencing in December 2017, the district court imposed a six-year unified prison sentence with one year fixed, but stayed execution of Rose's sentence pursuant to Idaho Criminal Rule 38 pending the outcome of his appeal. The district court opined that it could "take up any change of circumstances that have advanced between now and the time that [the] appeal is resolved." On December 18, 2017, the district court entered a written judgment and sentence. The judgment imposed the six-year unified sentence pronounced at the sentencing hearing and also suspended execution of the judgment and sentence pursuant to Rule 38, pending the determination of Rose's appeal. The Idaho Court of Appeals subsequently affirmed Rose's conviction and the denial of his motion to suppress. *See generally State v. Rose*, No. 45751, 2020 WL 4207395 (Idaho Ct. App. Jul. 22, 2020) (unpublished). The remittitur was issued on March 3, 2021.

2

Shortly thereafter, the district court held a status conference and indicated that Rose's case needed to be set for sentencing. The judge assigned to the case at that time was different than the judge who originally sentenced Rose. The State opposed scheduling the case for sentencing, arguing that Rose had already been sentenced prior to his appeal, but the district court set a status conference and told the parties to be prepared for sentencing. The State filed a motion to vacate the status conference, arguing that the district court lacked jurisdiction to modify Rose's sentence. On June 15, 2021, prior to the status conference and 104 days after the remittitur was issued in Rose's direct appeal, Rose moved the district court to reduce his sentence pursuant to Idaho Criminal Rule 35(b).

At the hearing on Rose's Rule 35(b) motion, the district court concluded that Rose's motion was timely because the execution of his sentence was stayed pending appeal under Rule 38. After listening to the audio tape from the earlier sentencing hearing, the second judge observed that the original sentencing judge intended to revisit the sentence upon remand. The district court then granted Rose's Rule 35(b) motion. The district court kept the originally imposed sentence of one year fixed plus five years indeterminate, for a unified sentence of six years, but suspended the sentence and placed Rose on probation for four years. The district court further ordered that Rose be under house arrest for eighteen months. The district court then entered an "Order Suspending Execution of Modified Judgment and Sentence." The State timely appealed the district court's order suspending Rose's sentence. The Idaho Court of Appeals affirmed. The State then filed a petition for review with this Court, which we granted.

## II.  STANDARDS OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019) (citation omitted). "This Court thus acts as if the case were on direct appeal from the district court." *Id.* (citation omitted).

"[T]his Court exercises free review over questions of law." *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016) (citation omitted). "Jurisdiction is . . . a question of law and is reviewed *de novo*." *Id.* (citation omitted). "The interpretation of a court rule is a question of law that this Court freely reviews." *State v. Singh*, 171 Idaho 685, 688, 525 P.3d 723, 726 (2023) (citation omitted).

# III. ANALYSIS

## A. The district court lacked jurisdiction to modify Rose's sentence.

Resolution of this appeal turns on the proper application of Idaho Criminal Rule 35(b) when execution of a sentence is stayed pending appeal. This Court has repeatedly held that Rule 35(b) places a limit on a district court's subject matter jurisdiction to modify a sentence after it has been imposed. *E.g.*, *State v. Brown*, 170 Idaho 439, 444, 511 P.3d 859, 864 (2022); *State v. Hall*, 170 Idaho 640, 646–47, 515 P.3d 727, 733–34 (2022).

The State argues that the district court lacked jurisdiction to consider Rose's Rule 35(b) motion because he filed the motion in June 2021, which was more than 120 days after the district court entered its judgment imposing his sentence in 2017. Rose counters that the district court's judgment stayed the execution of his sentence, which in turn extended the district court's jurisdiction to consider his Rule 35(b) motion. Rose argues that his motion was timely because Rose filed his motion within 120 days after his appeal concluded. The parties' arguments require us to analyze Rule 35(b) to determine when the 120-day timeframe began to run.

This Court's approach to interpreting court rules is similar to our approach to statutory interpretation. *Valentine v. Valentine*, 169 Idaho 621, 627, 500 P.3d 514, 520 (2021). Our analysis begins with the language of the rule, read according to its "plain, obvious and rational meaning." *Id.* (quoting *Kelly v. Kelly*, 165 Idaho 716, 724, 451 P.3d 429, 437 (2019)). The rule should be considered as a whole, and we give effect to all the words and provisions so that none will be void, superfluous, or redundant. *State v. Singh*, 171 Idaho 685, 688, 525 P.3d 723, 726 (2023) (quoting *Pentico v. Idaho Comm'n for Reapportionment*, 169 Idaho 840, 844, 504 P.3d 376, 380 (2022)).

However, when interpreting our own rules, we are "not constrained by the constitutional separation of powers" that require adherence to the plain language of a statute regardless of the result. *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). Accordingly, we construe a court rule in keeping with its purpose. *Id.* The Idaho Criminal Rules are "intended to provide for the just determination of every criminal proceeding" and "must be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." I.C.R. 2(a).

We recently analyzed the plain language of Rule 35(b) and its effect on a district court's subject matter jurisdiction in *Brown*. 170 Idaho 439, 511 P.3d 859. There, we were called upon to interpret Rule 35(b) to determine whether the "one motion limit" in that rule deprives a district

court of subject matter jurisdiction. *See id.* We began by explaining that the "Idaho Constitution confers general jurisdiction on Idaho district courts to hear all cases in law and equity." *Id*. at 443, 511 P.3d at 863 (citations omitted). "Once a district court acquires subject matter and personal jurisdiction over a criminal defendant, the court's 'jurisdiction continues until extinguished by some event.'" *Id.* at 443–44, 511 P.3d at 863–64 (quoting *State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016)). One such event is when a district court issues a judgment of conviction that imposes a sentence rather than suspending the sentence and placing the defendant on probation or otherwise retaining jurisdiction over the defendant. *See Id*.

In *Brown*, we recognized that "a 'statute or rule' may extend the district court's subject matter jurisdiction beyond an event that otherwise extinguishes it." *Id.* at 444, 511 P.3d at 864. As we explained in *Brown*, the plain language of Rule 35(b) contains three "procedural windows" that provide the district court with limited jurisdiction to consider the motion and decide whether to grant relief. *Id.* at 446, 511 P.3d at 866. The first window is "[w]ithin 120 days of the entry of the judgment imposing sentence[.]" I.C.R. 35(b). The second is within 120 days of an "order releasing retained jurisdiction[.]" *Id.* And the third is within 14 days "after the filing of [an] order revoking probation." *Id.*

Here, Rose did not file a Rule 35(b) motion within any of the three "procedural windows" described in Rule 35(b). At sentencing, the district court imposed a six-year prison sentence with one year fixed and entered a written judgment of conviction on December 15, 2017. The first procedural window in Rule 35(b) opened when the district court entered the judgment of conviction on December 15, 2017. *See id.* Rose thus had 120 days from December 15, 2017, to file a motion to reduce his sentence. Rose did not file his Rule 35 motion until June 15, 2021. The other two "procedural windows" do not apply in Rose's case because the district court did not retain jurisdiction or order probation at the time the oral sentence was pronounced. Accordingly, Rose's motion was untimely based on the plain language of Rule 35(b).

We are not persuaded by Rose's argument that his motion was timely because the district court stayed execution of the judgment and sentence pending appeal. Rose overlooks a critical point: although the district court had authority to release Rose pending appeal, *see* I.C.R. 38(b)(1) and 45(a)(2), our criminal rules do not provide that staying execution of a judgment and sentence extends or alters the 120-day timeframe for filing a Rule 35(b) motion. Rose essentially advocates for a fourth "procedural window" in which a defendant could file a Rule 35(b) motion when a

judgment is stayed pending appeal. Rose's argument fails because the plain language of Rule 35(b) provides no such window.

Moreover, the procedural history of the rule reveals that, while a fourth window used to exist, it has since been removed. Rule 35(b) previously provided defendants with 120 days to file a motion to reduce sentence "after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal[.]" *State v. Arambula*, 97 Idaho 627, 629, 550 P.2d 130, 132 (1976) (quoting I.C.R. 35 (1976)). In 1986, however, Rule 35 was amended to remove the language allowing a motion within 120 days of a remittitur after an appeal. *State v. Nickerson*, 123 Idaho 971, 973, 855 P.2d 56, 58 (Ct. App. 1993). Accepting Rose's argument would require us to read that removed language back into Rule 35.

Rose's reading of Rule 35 and Rule 38 also runs afoul of Idaho Criminal Rule 45. Rule 45—titled "Computing and Extending Time"—allows courts to extend deadlines under certain conditions. *See* I.C.R. 45(b). However, Rule 45(b)(2) expressly states that courts "may not extend the time to take any action under Rules 29, 34 and 35, or for the perfecting of an appeal, except to the extent and under the condition stated in those rules." Rule 35(b) does not allow for extending its deadlines. Accordingly, Rose's argument that the district court's order staying execution of his judgment "effectively stayed the opening of the procedural window to *file* a Rule 35(b) motion" is unavailing because it conflicts with the plain language of Rules 35(b) and 45(b).

In sum, Rule 35(b) provided the applicable timeframe for Rose to file a motion to modify his sentence. Rose did not file his motion within the applicable timeframe. We hold that the district court lacked jurisdiction to modify Rose's sentence because his Rule 35(b) motion was brought more than three years after the sentence was originally imposed—well beyond the 120 days permitted by the plain language of Rule 35(b).

## IV.   CONCLUSION

For the reasons discussed above, we vacate the district court's Order Suspending Execution of Modified Judgment and Sentence and reimpose Rose's original judgment and sentence.

Chief Justice BEVAN, Justices BRODY and MOELLER, and Pro Tem Justice WILLIAMSON CONCUR.