# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51194

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 8, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KENNY DEAN MELIGAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

On August 29, 2022, Kenny Dean Meligan pled guilty to two counts of possession of a controlled substance. Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, the State agreed to dismiss other charges in an unrelated case. The district court imposed concurrent sentences of four years with two years determinate.

On January 23, 2023, Meligan filed an Idaho Criminal Rule 35 motion asking the district court for a reduction in his sentence or a retained jurisdiction. The motion contained a request for a hearing. However, it was not until September 6, 2023, that counsel for Meligan requested a date for a hearing on the motion. The district court had been unaware of the motion until that time. The district court did not believe it had jurisdiction to rule on the I.C.R. 35(b) motion due to the

1

request for hearing more than three months after the deadline for filing of the I.C.R. 35 (b) motion. A trial court has a reasonable period of time to rule on a timely filed Rule 35 motion before it loses jurisdiction. *State v. Hall*, 170 Idaho 640, 646, 515 P.3d 727, 733 (2022). Nonetheless, the district court reviewed the materials submitted with the motion and the record and determined that the motion for reduction of sentence lacked merit. Meligan filed a notice of appeal from the denial of his Rule 35 motion, challenging the decision of the district court to deny his Rule 35 motion.

Assuming the district court retained jurisdiction to rule on the motion, no error has been shown. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Meligan's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Meligan's Rule 35 motion is affirmed.